IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KEITH HUGHES,<br><br>　　　　　Defendant. | 4:20-CR-3083<br><br>TENTATIVE FINDINGS |

The Court has received the revised modified presentence investigation report in this case. The defendant has objected to the presentence report (filing 80) and moved for a downward variance (filing 79).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in several respects.

  (a) First, the defendant objects to the assessment of a two-level enhancement to the offense level pursuant to U.S.S.G. § 3B1.1(c) for being an "organizer, leader, manager, or supervisor" of the criminal activity. Filing 80 at 1. Courts are to construe those terms broadly. *United States v. Maupin,* 3 F.4th 1009, 1016 (8th Cir. 2021). A defendant may be subject to this enhancement even if he managed or supervised only one other participant. *Id.*

  Key factors in determining management or supervisory authority are control over participants and organization of the criminal activity. *Id.* Other relevant factors include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a

larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. *United States v. Jackson*, 639 F.3d 479, 483 (8th Cir. 2011) (citing § 3B1.1 cmt. n.4). And application of this enhancement is not limited solely to the person who first instigated the criminal activity. *See United States v. Davis*, 875 F.3d 869 (8th Cir. 2017).

The defendant argues that the crime was in essence a "joint venture" between himself and his co-defendant, and that the only distinction between the two was that he could write the prescriptions. Filing 80 at 5. The addendum to the presentence report, on the other hand, suggests that the defendant's authority to write the prescriptions meant that he was in control. There is some authority for that position. *See United States v. Sipsy*, 287 F. App'x 270, 272 (4th Cir. 2008). On the other hand, it has been held that § 3B1.1 is for organizers or leaders, not just for important or essential figures, and that while the authority to write prescriptions may be necessary to a scheme, it doesn't mean that an aggravating role enhancement should apply. *See United States v. Vigil*, 998 F. Supp. 2d 1121, 1155-56 (D.N.M. 2014) (citing *United States v. Sallis,* 533 F.3d 1218, 1223 (10th Cir. 2008)).

The government must demonstrate by a preponderance of the evidence that an aggravating role enhancement is warranted. *United States v. Irlmeier*, 750 F.3d 759, 763 (8th Cir. 2014).

Accordingly, the Court will resolve this objection on the evidence at sentencing.

(b) The defendant objects to the inclusion of "inflammatory statements made by his former wife" in connection with a 2005 arrest, noting that he denies the accusations and that no charges were filed. Filing 80 at 5-6. The Court notes, however, that the defendant does not object to the accuracy of the probation officer's summary of the police report, and that the presentence report correctly notes that no charges were filed. The Court will consider the defendant's argument with respect to the (very little if any) weight to be afforded to the arrest, but the Court's tentative conclusion is that the defendant's objection should be overruled.

(c) The defendant's remaining objection is to the presentence report's recommendation of a $40,000 fine: the defendant contends that a significant debt on his business property was omitted from the presentence report, that the value of his residential property may be overstated, and that his monthly income has been (at least temporarily) reduced. Filing 80 at 2. The defendant contends that a $5,000 fine would be more appropriate. Filing 80 at 2.

In deciding whether to impose a fine and in what amount the Court must consider several factors in addition to those set forth in § 3553(a): as relevant here, they include the defendant's income, earning capacity, and financial resources; the burden that the fine will impose upon the defendant and his dependents, relative to the burden that alternative punishments would impose; the need to deprive the defendant of illegally obtained gains from the offense;

      and the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence. 18 U.S.C. § 3572(a). A sentencing court must make specific factual findings on the record demonstrating that it has considered the defendant's ability to pay the fine, and it is incorrect to impose a fine that a defendant has little chance of paying. *United States v. Kay*, 717 F.3d 659, 665 (8th Cir. 2013).

      But the defendant has the burden of proving his inability to pay. *United States v. Callaway*, 762 F.3d 754, 761 (8th Cir. 2014). Accordingly, the Court will resolve this objection on the evidence adduced at sentencing.

3. The defendant has also moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 79; *see* filing 81. The Court will resolve that motion at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of May, 2022.

                                              BY THE COURT:

                                              John M. Gerrard
                                              United States District Judge